An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY TOSTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60757

**FILED**

MAY 1 5 2013




TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

<u>ORDER OF AFFIRMANCE</u>

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a guilty plea, of first-degree kidnapping with the use of a deadly weapon and robbery. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

First, appellant argues that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea and that his guilty plea was involuntarily and unknowingly entered because he did not understand the possible sentencing range for the kidnapping count and he has learning disabilities that impeded his comprehension of the guilty plea agreement. "District courts may grant a motion to withdraw a guilty plea prior to sentencing for any substantial, fair, and just reason." *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001). We presume the district court correctly assessed the validity of appellant's plea and review the denial of appellant's motion to withdraw his plea for a clear showing of an abuse of discretion. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

13-14312

Appellant, while represented by counsel, signed a written plea agreement and pleaded guilty following the district court's canvass of his understanding of the agreement and the penalties associated with the charges. *See Crawford*, 117 Nev. at 722, 30 P.3d at 1126 (discussing the presumption of validity when a guilty plea is entered into on the advice of counsel and concluding that a thorough plea canvass coupled with a detailed written plea agreement supports a finding that the plea was entered into voluntarily, knowingly, and intelligently). While appellant contends that he merely delivered memorized answers to the district court's canvass, as provided to him by counsel, this assertion is belied by the record. Appellant was actively engaged in the dialogue; he raised a question as to sentencing, and the district court clarified the possible sentencing parameters as well as the fact that the court was not bound by the sentencing stipulation. We perceive no abuse of discretion by the district court in denying appellant's presentence motion to withdraw his guilty plea.

Second, appellant claims that the district court improperly participated in the plea agreement by stating that it would, absent extraordinary circumstances, follow the sentencing stipulation. This comment came as the district court performed its canvass of appellant, after a deal had been struck and the guilty plea agreement signed. In *Cripps v. State*, 122 Nev. 764, 770-71, 137 P.3d 1187, 1191 (2006), on which appellant relies, we held that any judicial participation in the formulation of a plea agreement, save for an indication by the court if it is inclined to follow a particular sentencing recommendation, is prohibited. The district court did not participate in the formulation of the plea agreement but merely clarified the sentencing parameters for appellant

and stated its intention to follow the sentencing stipulation absent extraordinary circumstances, all occurring after plea negotiations had been finalized. We discern no error by the district court in this regard.

Third, appellant contends that he received ineffective assistance of counsel when trial counsel failed to file a written motion to withdraw the guilty plea. We have consistently declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless. *See Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534 (2001). As neither exception exists here, we decline to address this claim.

Having considered appellant's claims and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. David B. Barker, District Judge
Osvaldo E. Fumo, Chtd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3